UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAERURU DEBOER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:25-cv-1099 |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS | ) |
| INC. and TRANS UNION LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KAERURU DEBOER as and for her Amended Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive damages against Defendants EXPERIAN INFORMATION SOLUTIONS ("Experian") and TRANS UNION LLC ("Trans Union") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

1

3.  Venue in this District is proper in that the Defendants transact business in the city of Houston, Harris County, Texas, and the conduct complained of occurred in Houston, Texas.

## III.    PARTIES

4.  Plaintiff is a natural person residing in Houston, Harris County, Texas.

5.  Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

6.  Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Texas, with its registered agent address as C T Corporation System, 1999 Bryan St, Suite 900, Dallas, TX 75201.

7.  Upon information and belief, Defendant Trans Union is a Delaware corporation duly authorized and qualified to do business in the State of Texas, with its registered agent address as The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8.  Upon information and belief, Defendants Experian and Trans Union are consumer reporting agencies (CRAs) and disburse consumer reports to third parties under contract for monetary compensation.

## IV. FACTS OF THE COMPLAINT

9.  On or about December 2024, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant Experian as follows:

2

a)      Defendant Experian is reporting inaccurate charge off information regarding Plaintiff's Navy Federal Credit Union account.

b)      Defendant Experian is reporting inaccurate charge off information regarding Plaintiff's Wells Fargo account.

c)      Defendant Experian is inaccurately reporting personal information regarding Plaintiff's name and address.

10.  On or about December 2024, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant Trans Union as follows:

a)  Defendant Trans Union is reporting inaccurate charge off information regarding Plaintiff's Navy Federal Credit Union account.

b)  Defendant Trans Union is reporting inaccurate charge off information regarding Plaintiff's Wells Fargo account.

11.  On or about December 20, 2024, Plaintiff sent written disputes via certified mail to Defendants Experian and Trans Union disputing the completeness and/or accuracy of the aforementioned tradelines.

12.  On or about February 28, 2025, Plaintiff sent additional written disputes to Defendants via certified mail disputing the completeness and/or accuracy of several tradelines. **Exhibit 1**

13. On or about March 2025, Plaintiff noticed that despite her disputes, the alleged tradelines were still being reported inaccurately and/or incompletely on her consumer report.

14. Upon information and belief, Defendants Experian and Trans Union transmitted Plaintiff's dispute to the furnisher of the information and provided all relevant disputed information.

15. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b).

16. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

17. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

18. As a result of the actions and inactions of all Defendants, Plaintiff suffered damages, including but not limited to being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress, frustration, anxiety and mental anguish.

## V.  FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

19. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. Defendants violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

21. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

22. At all times alleged herein, Defendants acted negligently and/or willfully.

23. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)

24. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

25. Defendants have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

26. Defendants have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

27. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

28. Defendants have done so either negligently or willfully.

29. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

30. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VII.   THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)

31. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

32. Defendants have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

33. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

34. At all times alleged herein, Defendants acted negligently and/or willfully.

35. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## VIII.  FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)

36. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

37. Defendants violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

38. Defendants violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

39. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

40. At all times alleged herein, Defendants acted negligently and/or willfully.

41. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)

42. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

43. Defendants have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

44. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

45. At all times alleged herein, Defendants acted negligently and/or willfully.

46. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## X.  SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(7)

47. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

48. Defendants have violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

49. Defendants have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

50. Defendants acted negligently and/or willfully.

51. Defendants are liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. §1681n and actual damages, attorney's fees and costs pursuant to 15 U.S.C. §1681o.

## XI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A.  Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C §1681o(b);

D. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Dated: May 14, 2025                    By:   s/ Tiffany Hill
                                       Tiffany Hill, Esq. (OBA# 31332)
                                       PO Box 803672
                                       Dallas, TX 75380
                                       (405) 456-9406
                                       thlegalconsulting@gmail.com
                                       *Attorney for Plaintiff*

9